

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*     *1550 Main Street, Suite 310*
*Springfield,, Massachusetts 01103*

May 6, 2004

Michael Jennings, Esq.
73 Chestnut Street
Springfield, MA  01103

**Re: Carmen Romeo**

Dear Attorney Jennings:

   This letter sets forth the Agreement entered into between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Carmen Romeo ("Defendant") in the above-captioned case. The Agreement is as follows:

   1.  Change of Plea

   At the earliest practicable date, Defendant shall plead guilty to a single count Information in which Defendant is charged with Obstruction of Justice, a violation of Title 18, United States Code, Section 1503. Defendant expressly and unequivocally admits that Defendant knowingly, intentionally and willfully committed the crime charged in Count One of the Information, and is in fact guilty of that offense.

   In exchange for Defendant's guilty plea to Count One of the Information, the United States agrees not to charge Vincent A. Romeo Painting Company, Inc. and Penelope Romeo with any offenses arising out of the insurance fraud scheme involving Todd Illingsworth, including any alleged obstruction of justice associated therewith.

   2.  Penalties

   Defendant faces a maximum term of imprisonment of ten years, a fine of $250,000.00, three years of supervised release, and a special assessment of $100.00.

3.  **Sentencing Guidelines**

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing Guidelines:

- (a) The parties agree that Offense Level 12 under § 2J1.2(a) of the Sentencing Guidelines applies;

- (b) The parties agree that Defendant receives a two level decrease under § 3E1.1(a) of the Sentencing Guidelines for acceptance of responsibility;

- (c) The parties agree that Defendant has a Criminal History Category I; and,

- (d) The parties agree that Defendant faces a sentencing range of 6 to 12 months at an Offense Level 10 under a Criminal History Category I.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant:

- (e) Fails to admit a complete factual basis for the plea;

- (f) Fails to truthfully admit his conduct in the offenses of conviction;

- (g) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (h) Fails to provide truthful information about his financial status;

- (i) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (j) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

- (k) Intentionally fails to appear in Court or violates any condition of release;

  (l) Commits a crime;

  (m) Transfers any asset protected under any provision of this Agreement; and/or

  (n) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

The U.S. Attorney and Defendant agree that while there may be a basis for a departure from the sentencing range established by the United States Sentencing Guidelines, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

  4. <u>Sentence Recommendation</u>

The parties remain free to argue for any permissible sentence within the Sentencing Guideline range set forth in Paragraph 3 and subject to the conditions of Paragraphs 3 and 4. Defendant further agrees as part of this plea agreement to make full restitution for the full amount of the insurance fraud to the insurance companies and pay a mandatory special assessment of $100.00.

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

  (a) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

  (b) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

  (c) Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    (d)    File accurate and complete corporate tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (e)    Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the special assessment due to the Clerk of the United States District Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment", authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute.

7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the

District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____ for
KEVIN O'REGAN
Assistant U.S. Attorney
Chief,
Springfield Office

WILLIAM M. WELCH II
Assistant U.S. Attorney

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I am entering into this Agreement freely, voluntarily and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_/s/ Carmen Romeo_
Carmen Romeo
Defendant

Date: 5/10/04

I certify that: Defendant has had full and adequate opportunities to consult with me at all stages of this case; he has had full and adequate opportunities to review, explore, and discuss with me all of the legal and factual issues in the case; I have fully apprised Defendant of all plea offers tendered by the U.S. Attorney and Defendant has fully participated in the negotiations resulting in this Agreement; Defendant has read this Agreement in full; I have explained the terms of this Agreement to him and discussed fully all of the rights he will be giving up by entering into this Agreement and pleading guilty; and Defendant has stated that he understands the terms of this Agreement and its legal consequences. I believe Defendant is entering into this Agreement freely, voluntarily and knowingly and I have observed him execute this letter.

_/s/ Michael Jennings_
Michael Jennings, Esq.
Attorney for Defendant

Date: 5/10/04